IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CLEBURNE TRAINING & FITNESS, INC.** § <br> **and NORTH NOLAN ROAD HOLDINGS,** § <br> **INC. d/b/a REAL PERFORMANCE,** § <br>    *Plaintiffs,* § <br> §<br> **VS.** § <br> §<br> **CHURCH MUTUAL INSURANCE** § <br> **COMPANY,** § <br>    *Defendant.* § | | **CIVIL ACTION NO. 3:24-cv-00410** |

### DEFENDANT CHURCH MUTUAL INSURANCE COMPANY'S
### NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Church Mutual Insurance Company, ("CMIC" or "Defendant") files this Notice of Removal from Cause No. DC-C202400035 in the 18th Judicial District Court, Johnson County, Texas to the United States District Court for the Northern District of Texas, on the basis of diversity of citizenship and jurisdictional amount and respectfully shows the Court the following:

### I.
### Background and Procedural History

1.      This is an insurance coverage action. CMIC issued insurance policy No. 0403117-25-430582 to Plaintiffs, Cleburne Training & Fitness, Inc. and North Nolan Road Holdings, Inc. d/b/a Real Performance ("Plaintiffs") for the policy period from July 17, 2022 to July 17, 2023 (the "Policy"). The Policy provided coverage for Plaintiffs' property located in Johnson County, Texas ("Property"). Plaintiff reported a claim to CMIC under the Policy, and it was assigned Claim No. 000-01-2631151 (the "Claim"). Following CMIC's adjustment of the Claim, CMIC notified Plaintiffs in writing that its estimate for covered damages was less than

Plaintiffs' $20,000 deductible.  Less than one month later, CMIC received Plaintiffs' demand totaling $975,777.42.

2. On January 18, 2024, an action was commenced by Plaintiffs in the 18th Judicial District Court of Johnson County, Texas, styled *Cleburne Training & Fitness, Inc. and North Nolan Road Holdings, Inc. d/b/a Real Performance vs. Church Mutual Insurance Company*, Cause No. DC-C202400035. Plaintiffs assert causes of action for breach of contract and noncompliance with the Texas Insurance Code, including bad faith and the prompt payment of claims.

3. The process papers were served by personal service to Church Mutual Insurance Company and were delivered on January 29, 2024.

4. Plaintiffs alleged in their Petition that the actual damages to the Property under the Policy are $ 975,777.42. *See* Exhibit 4, "Factual Background," Section C at ¶14**;** 28 U.S.C. § 1446(c)(2)**.**

5. Defendant files this notice of removal within 30 days of receiving service of Plaintiff's pleading. *See* 28 U.S.C. §1446(b).

Attached hereto are copies of the following documents:

- **Exhibit 1:**  Index of Matters Being Filed;
- **Exhibit 2:**  Civil Cover Sheet and Supplemental Civil Cover Sheet;
- **Exhibit 3:**  The State Court's Docket Sheet;
- **Exhibit 4:**  Plaintiff's Original Petition;
- **Exhibit 5:**  Citation served on Church Mutual Insurance Company;
- **Exhibit 6:**  Defendant's Original Answer and General Denial;
- **Exhibit 7:**  Certificate of Interested Parties and Rule 7.1 Disclosures Statement; and
- **Exhibit 8:**  DTPA Notice Letter.

## II.
## Basis for Removal

6. "Generally, a defendant may remove to federal court any state court civil action over which the federal court would have 'original jurisdiction.'" *Issa v. Allstate County Mut. Ins. Co.*, 4:20-CV-3227, 2021 WL 2457729, at *1 (S.D. Tex. June 16, 2021) (citing 28 U.S.C. § 1441(a); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)). "Federal courts have 'original jurisdiction' over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." *Id.* (citing 28 U.S.C. § 1332(a)). The removing party has the burden of showing the removal is proper. *Id.* (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Removal of the above-captioned action is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

**A.   There is Complete Diversity of Citizenship.**

7. Plaintiff Cleburne Training & Fitness, Inc. is a Texas Corporation with its principal place of business located in Cleburne, Johnson County, Texas.

8. Plaintiff North Nolan Road Holdings, Inc. d/b/a Real Performance is a Texas Corporation with its principal place of business located in Cleburne, Johnson County, Texas.

9. Defendant Church Mutual Insurance Company is a company organized under the laws of the state of Wisconsin with its principal place of business located in Merrill, Wisconsin. As such, for diversity purposes, CMIC is a citizen of Merrill, Wisconsin. 28 U.S.C. §1332(c)(1).

10. Therefore, there is complete diversity between the parties.

### B. The Amount in Controversy Exceeds $75,000.

11. This is a civil action in which the amount in controversy exceeds $75,000. Prior to suit being filed, Plaintiff sent a demand letter alleging the amount owed once suit was filed would be $975,777.42. *See* Exhibit 7.

### III.
### The Removal is Procedurally Correct

12. CMIC was served with the Petition and process on January 29, 2024. CMIC files this Notice of Removal within the thirty-day period set forth in 28 U.S.C. § 1446(b).

13. Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

14. Pursuant to 28 U.S.C. § 1446(d), after CMIC files this Notice of Removal, written notice of the filing will be given to Plaintiff, the adverse party. Specifically, Plaintiff will be served with the notice of the filing.

15. Pursuant to 28 U.S.C. § 1446(d), after CMIC files this Notice of Removal, a true and correct copy of this Notice of Removal will be filed with the Clerk of the District Court of Johnson County, Texas.

### IV.
### Conclusion

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Church Mutual Insurance Company hereby removes this case to this Court for trial and final determination.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By: */s/ Jennifer M. Kearns*
    Jennifer M. Kearns
    State Bar No. 24049865
    4400 Post Oak Parkway, Suite 1000
    Houston, Texas 77027
    Telephone: (713) 403-8276
    jkearns@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT,
CHURCH MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2024, a true and correct copy of the foregoing has been served on Plaintiffs' counsel in accordance with the Federal Rules of Civil Procedure:

Benjamin D. Doyle
State Bar No. 24080865
STOCKARD, JOHNSTON, BROWN, NETARDUS & DOYLE, P.C.
P.O. Box 3280
Amarillo, Texas 79116-3280
Telephone: (806) 372-2202
Facsimile: (806) 379-7799
bdoyle@sjblawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

    */s/ Jennifer M. Kearns*
    Jennifer M. Kearns