DC-C202400035 - Johnson County - 18th District Court

EXHIBIT 4
Filed: 1/18/2024 4:24 PM
David R. Lloyd, District Clerk
Johnson County, Texas
By: Kaylee Hill, Deputy

Case 3:24-cv-00410-B   Document 1-4   Filed 02/21/24   Page 1 of 11   PageID 13

DC-C202400035

CAUSE NO. _____

| | | |
|---|---|---|
| **CLEBURNE TRAINING & FITNESS, INC.** § <br> **and NORTH NOLAN ROAD HOLDINGS, INC.** § <br> **dba REAL PERFORMANCE,** § <br> § <br> **Plaintiffs,** § <br> § <br> v. § <br> § <br> **CHURCH MUTUAL INSURANCE** § <br> **COMPANY,** § <br> § <br> **Defendant.** § | **IN THE ____ DISTRICT COURT** <br> Johnson County - 18th District Court <br><br><br><br><br> **IN AND FOR** <br><br><br><br><br> **JOHNSON COUNTY, TEXAS** |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE:

Plaintiffs, Cleburne Training & Fitness, Inc. and North Nolan Road Holdings, Inc. dba Real Performance, file this Original Petition and would show:

### DISCOVERY CONTROL PLAN

1. The damages sought by Plaintiffs are within the jurisdictional limits of the Court.

2. Plaintiffs intend this case to be governed by Discovery Control Plan Level III under Texas Rule of Civil Procedure 190.4.

### PARTIES

3. Plaintiff, Cleburne Training & Fitness, Inc. (TTN 32081983572) is a Texas corporation with its principal place of business located in Cleburne, Johnson County, Texas.

4. Plaintiff, North Nolan Road Holdings, Inc. dba Real Performance (TTN 32081983598) is a Texas corporation with its principal place of business located in Cleburne, Johnson County, Texas

5. Defendant, Church Mutual Insurance Company ("Westchester") is a foreign insurance company domiciled in Wisconsin. Defendant may be served with process through its

registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

## VENUE

6. Venue is proper in Johnson County, Texas, pursuant to Texas Civil Practice & Remedies Code section 15.002(a)(1).

## RULE 47 STATEMENT

7. Plaintiffs seek monetary damages in excess of $1,000,000.

## FACTUAL BACKGROUND

### A. The Policy

8. Plaintiffs and Defendant entered into an insurance contract, identified as Policy 0403117-25-430582, to insure the real and personal property located at 1014 North Nolan River Road, Cleburne, Texas 76033. The Property was primarily used as an exercise gym and rehabilitation center.

9. The Policy provided for replacement cost coverage on the Property and provided for broad form coverage of "direct physical loss of or damage to Covered Property" unless specifically excluded in the Policy. The Policy was effective from July 17, 2022 to July 17, 2023.

### B. The Loss

10. On or about March 16, 2023, the Property encountered a catastrophic hailstorm which caused covered damage.

### C. The Adjustment

11. Plaintiffs timely notified Defendant of the loss on April 11, 2023. On April 17, 2023, Defendant's independent adjuster, Bond Harrison, identified covered hail damage to the Property and recommended payment for an estimate totaling $8,629.18. On May 9, 2023, Defendant denied coverage for the hail damage, asserting without supporting documentation or sufficient investigation that the observed hail damage fell within the cosmetic damage exclusion or was otherwise below the $20,000

deductible. At the time of the denial, Defendant had performed no testing and had not obtained the opinions of a qualified metallurgist regarding the damage to support its coverage denial.

12. On May 15, 2023, Plaintiffs provided Defendant with an estimate for replacement of the roofing surfaces in the amount of $600,227.01 and notification that Plaintiffs believed the damage was functional and not merely cosmetic. Only after being notified of the dispute did Defendant first seek to retain an expert to provide support for its burden of proof as to the applicability of the Policy exclusion.

13. On July 27, 2023, Defendant disclosed its engineer's opinions to Plaintiffs. Christine Conner, P.E. from FCG Associates determined that the damage to the metal roofing surface was functional in places, but cosmetic in others. The definitions Conner used for "functional" and "cosmetic" damage are materially distinguishable from the definitions used in the Policy. Defendant knew or should have known based upon reasonable investigation that Conner's opinions did not support its burden of proof, were extracontractual, and that reliance upon Conner's opinions was violative of its obligations to perform a reasonable investigation under the Texas Insurance Code.

14. On September 18, 2023, Plaintiffs served a Texas Insurance Code 542A compliant demand letter upon Defendant indicating that the replacement cost value of the damage is $975,777.42.

15. Defendant has consistently refused to make meaningful attempts to investigate and resolve Plaintiffs' insurance claim and has actively mischaracterized and manipulated evidence to misrepresent coverage, the value of the damage, and the cause of the damage, in violation of the Texas Insurance Code by, knowingly:

    a. Failing to comply with internal policies for investigating claims;

    b. Failing to train adjusters and employees in the proper methods of investigating and resolving claims disputes;

    c. Performing a superficial, biased, and conclusory investigation of the damage in the

    claim;

d. Failing to adopt policies and procedures necessary to adequately investigate and resolve claims disputes;

e. Failing to competently apply the facts of the claim to Policy coverage for purposes of making a correct coverage decision;

f. Failing to adopt policies and procedures necessary to adequately evaluate the qualifications of individuals upon whom the insurer would rely for purposes of investigating and resolving claims disputes;

g. Failing to adopt policies and procedures necessary to adequately evaluate the veracity of opinions of third-parties;

h. Attempting to settle the claim without performing a full and adequate investigation of the loss, including reliance upon knowingly incompetent, biased, and conflicted adjusters, and the failure to retain competent metallurgists, engineers, roofing contractors, remediation contractors, and other experts upon whom to rely for purposes of their investigation;

i. Refusing to acknowledge oral and written reports provided by the insured and its agents identifying the cause and scope of damage;

j. Wrongfully denying the claim under the applicable policy based upon an incorrect determination of material facts;

k. Colluding with its engineers, adjusters and agents to misstate the cause, scope, and value of the damage;

l. Unreasonably delaying settlement offers despite the insurer's liability becoming reasonably clear;

    m. Making untrue statements of material fact about the cause, scope, and value of the damage and how the damage applied to the Policy, including that the damage is excluded and that Defendant had completed a competent investigation as to the applicability of the endorsement;

    n. Failing within a reasonable time to affirm or deny coverage of a claim;

    o. Failing to timely request all items, statements, and forms necessary to resolve the claim;

    p. Failing within a reasonable time to request inspections, proofs of loss, or any other items the insurer believed necessary to evaluate the claim;

    q. Failing to adopt and implement reasonable standards for the prompt investigation of claims under the policy;

    r. Compelling Plaintiffs to institute a lawsuit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered; and

    s. Failing to timely pay claims.

16. Plaintiffs provided to Defendant all information necessary to pay the claim. All prerequisites under the Policy have been met.

17. Defendants continues to refuse to pay the amounts owed under the Policy in breach of the insurance contract and its common law and statutory obligations.

## CAUSES OF ACTION

18. **Breach of Contract.** Plaintiffs incorporate the allegations of paragraphs 8-17 the same as if fully set forth herein. Plaintiffs and Defendant entered into an insurance contract to insure real and personal property against casualty loss. Plaintiffs complied with all provisions of the insurance policy, including but not limited to payment of the premiums and timely notice of the loss. Defendant

breached a material provision of the contract by refusing to pay replacement cost damages and other damages owed under the Policy, after a Covered Cause of Loss. Plaintiffs were damaged by Defendant's breach.

19. **Violations of the Texas Insurance Code.** Plaintiffs incorporate the allegations of paragraphs 8-17 the same as if fully set forth herein. Defendant violated Texas Insurance Code Section 541.060(a). Specifically, Defendant knowingly:

   a. Made material misrepresentations regarding how the Policy and observed hail damages applied with regard to the exclusionary language for which it bears the burden under Texas Insurance Code section 554.002;

   b. Failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

   c. Failed to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the claim;

   d. Failed within the deadlines required under Texas Insurance Code chapter 542 to affirm coverage of the claim, request all items, statements, and forms, and pay the claim; and

   e. Refused to pay the claim without conducting a reasonable investigation with respect to the claim.

20. Defendant's Unfair Settlement Practices caused direct damages, including the loss of Policy benefits and independent injuries in the form of damages in excess of Policy damages, to Plaintiffs which would not have been incurred absent Defendant's knowing actions, omissions, delays and misrepresentations. The independent injuries are reflected by the increased costs of construction caused by price increases in roofing labor and materials occurring since the date of loss. Plaintiffs are entitled to treble damages, court costs, and its attorney's fees pursuant to Texas Insurance Code section 541.152.

21. **Section 541.060(a)(1) of the Texas Insurance Code.** Defendant's assertion in its April 17, 2023, May 9, 2023, July 27, 2023, and November 15, 2023 coverage letters that the damage observed is not covered under the Policy are a direct misstatement of facts related to coverage because Defendant has not met its burden to show that the damage falls within exclusionary language of the Policy. Defendant misrepresented material facts related to coverage to deny Plaintiffs' claim and avoid liability for the damage. *See Albracht v. Indem. Ins. Co. of N. Am.*, No. 2:19-CV-72-Z-BR, 2019 WL 7040333, at *3 (N.D. Tex. Nov. 20, 2019) (Reno, M.J.), *supplemented*, No. 2:19-CV-72-Z-BR, 2019 WL 7040299 (N.D. Tex. Dec. 2, 2019), *report and recommendation adopted*, No. 2:19-CV-72-Z-BR, 2019 WL 7039749 (N.D. Tex. Dec. 20, 2019) ("Albracht has also sufficiently pleaded the 'how' or 'why.' Hamilton's investigation, characterization of material facts relating to coverage, and conclusions resulted in denial of Albracht's claim, which meant IIC was not required to pay anything on Albracht's claim.").

22. Defendant's conduct violates section 541.060(a)(1) of the Texas Insurance Code. *See DFWS, LLC v. Atl. Cas. Ins. Co.*, No. 3:20-CV-2499-G, 2020 WL 6946515, at *3 (N.D. Tex. Nov. 24, 2020) (concluding misrepresentations about the facts giving rise to a claim for coverage can constitute a violation of section 541.060(a)(1)); *Caruth v. Chubb Lloyd's Ins. Co. of Tex.*, No. 3:17-CV-2748-G, 2018 WL 3934030, at *3 (N.D. Tex. Aug. 16, 2018) (same); *Glidewell v. Safeco Ins. Co. of Indiana*, No. 3:15-CV-1099-G, 2015 WL 4868483, at *4–5 (N.D. Tex. Aug. 13, 2015) (same); *see also Albracht*, No. 2:19-CV-72-Z-BR, 2019 WL 7040333, at *3 (analyzing plaintiff's 541.060 claim that defendant "mischaracterized the nature and coverage of the loss" by stating "covered property was not damaged by wind, and thus was not damaged by a covered cause of loss").

23. **Section 541.060(a)(3) of the Texas Insurance Code.** Defendant's denial letter does not provide a reasonable explanation of the basis in the Policy for denying Plaintiffs' claim because it is not based upon reasonable investigation and does not explain how the findings of its engineer

apply with regard to the actual language of the Policy. Defendant's conduct violates section 541.060(a)(3). *See Khan v. Allstate Fire & Cas. Ins. Co.*, No. CIV.A. H-11-2693, 2012 WL 1601302, at *8 (S.D. Tex. May 7, 2012) ("No false or misleading statements are necessary to make out a successful claim for relief [under section 541.060(a)(3)]; rather, the section creates liability for any inadequate explanation of an insurance claim denial, regardless of its truth or falsity.").

24. **Sections 541.060(a)(2)(A) and 541.060(a)(7) of the Texas Insurance Code.** Defendant did not attempt to effectuate a prompt, fair, and equitable settlement, despite its reasonably clear liability, and refused to pay the claim without conducting a reasonable investigation. Despite Defendant's burden of proof with regard to the applicability of any exclusion under the Policy under Texas Insurance Code section 554.002, Defendant obtained no support for the application of the exclusion using definitions applicable under the Policy, instead, relying upon an extra-contractual definition and conclusory opinions. Defendant has neither met its burden of proof with regard to showing the applicability of an exclusion, nor adequately evaluated contradictory evidence.

25. Further, Defendant committed unfair settlement practices in violation of Texas Insurance Code chapter 542, running from, at the latest, December 14, 2022, by:

   a. Failing to, within 15 days (or 30 days for a surplus-lines insurer) of the date of notice of the loss, request from Plaintiff all items, statements, and forms that the insurer reasonably believes would be required (542.055);

   b. Failing to affirm or deny coverage within 15 business days of receiving the information timely requested and identified in 542.055 (542.056);

   c. Failing to pay amounts due within 5 business days (or 20 business days for a surplus-lines insurer) of receipt of the information necessary to pay the claim (542.057); and

   d. Failing to pay the claim in whole within 75 days (90 days for a surplus-lines insurer) after notice of the claim (542.058).

26. Under Texas Insurance Code 542.060, Plaintiffs are entitled to a per annum penalty on the entirety of the amounts due under the Policy, starting at the earliest violation of chapter 542 and running until the date that the amount of loss is paid, as well as its attorney's fees and court costs.

## CONDITIONS PRECEDENT

27. All conditions precedent to Plaintiffs' right to recover have been fully performed or have been waived by Defendant.

## ATTORNEY'S FEES

28. **Attorney's Fees.** As a result of Defendant's failure to pay the amounts due and owing under the policy, Plaintiffs retained the undersigned counsel. Plaintiffs agreed to pay the undersigned counsel a reasonable fee. Plaintiffs are entitled to recover reasonable and necessary attorney's fees incurred in the prosecution of this action under Texas Civil Practice & Remedies Code chapter 38 and Texas Insurance Code sections 541.152 and 542.060.

## JURY DEMAND

29. **Jury Demand.** Plaintiffs demand a jury.

## PRAYER

30. Plaintiffs pray that Defendant be cited to appear and answer herein and upon hearing that Plaintiffs recover judgment against Defendant for the following:

   a. Actual damages;

   b. Attorney's fees for services rendered and that are allowed by law;

   c. Post-judgment interest and costs;

   d. Treble damages and exemplary damages as allowed by law;

   e. Penalties and interest as allowed by law; and

   f. All other relief to which Plaintiffs may show themselves entitled in law or in equity.

Respectfully Submitted,

*/s/ Benjamin D. Doyle*
BENJAMIN D. DOYLE
State Bar No.: 24080865
**STOCKARD, JOHNSTON,
BROWN, NETARDUS, & DOYLE, P.C.**
P.O. Box 3280
Amarillo, Texas 79116-3280
(806) 372-2202 - Telephone
(806) 379-7799 - Fax
bdoyle@sjblawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

EXHIBIT 4

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Barbara Hook on behalf of Benjamin Doyle
Bar No. 24080865
bhook@sjblawfirm.com
Envelope ID: 83556290
Filing Code Description: Petition
Filing Description: Original Petition
Status as of 1/19/2024 8:22 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Benjamin Doyle | 24080865 | bdoyle@sjblawfirm.com | 1/18/2024 4:24:54 PM | SENT |
| Barbara Hook | | bhook@sjblawfirm.com | 1/18/2024 4:24:54 PM | SENT |