UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLEBURNE TRAINING & FITNESS, INC.; and NORTH NOLAN ROAD HOLDINGS, INC. d/b/a REAL PERFORMANCE, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-0410-B |
| CHURCH MUTUAL INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiffs Cleburne Training & Fitness, Inc. and North Nolan Road Holdings, Inc. d/b/a Real Performance ("Plaintiffs")'s Motion to Limit and Exclude Expert Testimony (Doc. 43). For the following reasons, the Court **DENIES IN PART** and **GRANTS IN PART** Plaintiffs' Motion.

## I.

## BACKGROUND

This is an insurance coverage dispute. Defendant Church Mutual Insurance Company ("Church Mutual") insures Plaintiffs' property. Doc. 1-4, Pet., ¶ 8. Hail damaged the property's roof. *Id.* ¶¶ 11, 13. The parties dispute whether the damage falls within Plaintiffs' insurance policy, which precludes coverage for cosmetic damage. Doc. 20, Am. Answer, ¶ 43. Under the "Roof Surfacing Limitation Endorsement," limitation, cosmetic damage occurs when:

> the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof

from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

Doc. 20, Am. Answer, ¶ 43.

Plaintiffs seeks to exclude the expert testimony of Christine Conner, Mark Kubena, and Ronald Dutton on the grounds that they applied an extracontractual definition of "functional damage," which, according to Plaintiffs, makes their opinions unreliable and irrelevant. Doc. 43, Mot., 1–2. Plaintiffs also seek to exclude Dutton's supplemental expert report. *Id.* at 1. The Court considers the Motion below.

## II.

## LEGAL STANDARDS

*A.   Expert Testimony*

Federal Rule of Evidence 702 governs the admissibility of expert testimony as evidence. Rule 702 permits opinion testimony if:

> it is more likely than not that (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

*B.   Supplemental Reports*

Federal Rule of Civil Procedure 26 provides that an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them." FED. R. CIV. P. 26(a)(2)(B)(i)–(ii). Further, "[a] party must make these disclosures at the times and in the sequence that the court orders." *Id.* 26(a)(2)(D). Federal Rule of Civil Procedure 26(e)(2) requires an expert to supplement his report "both [with] information included in the report and [with] information given during the expert's

deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.* 26(e)(2). Initial disclosures must be "complete and detailed," and a supplement is meant merely to supplement. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996). "These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Id.*

## III.

## ANALYSIS

The Court **DENIES IN PART** and **GRANTS IN PART** Plaintiffs' Motion. The Court will allow the expert testimony of Conner, Dutton, and Kubena but excludes Dutton's supplemental report.

A.   *The Expert Reports Are Relevant and Reliable.*

Federal Rule of Evidence 702 governs the admissibility of expert testimony as evidence. Rule 702 permits opinion testimony if:

> it is more likely than not that (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

"[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. The primary locus of this obligation is Rule 702, which clearly contemplates some degree of regulation of the subjects and theories about which an expert may testify." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Expert testimony is relevant if it helps "the trier of fact to understand the evidence or to determine a fact in issue." *Id.* at 591.

Federal Rule of Evidence 401 defines relevant evidence as that which has "any tendency to make a fact more or less probable than it would be without the evidence." The Court finds that Conner, Dutton, and Kubena's Expert Reports are admissible. Under the "Roof Surfacing Limitation Endorsement," limitation, cosmetic damage occurs when:

> the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

Doc. 20, Am. Answer, ¶ 43.

These reports do not, as Plaintiffs argue, rely on extracontractual definitions of functional and cosmetic damage. They instead explain how the roof lacks certain types of functional damage. Thus, the expert reports opine that the roof has not been functionally damaged because its service life has not been reduced. Conner's Report says that "[t]he siding was not functionally damaged (cracked, split) by hail impacts," and that "[r]ound dents alone, without associated punctures, abrasions of the coating, and/or seam separations, are not considered hail damage that has reduced the roof covering's service life." Doc. 45-5, Conner Report, 14, 27. And the report concludes that the hail damages did not reduce the roof's water-shedding efficiency. *Id.* at 27. But it does not claim that these are the only ways in which functional damage can occur.

Kubena's Report states, "There was no evidence of hail created openings in the metal roof system or wall panels . . . that would allow for water intrusion into the buildings." Doc. 45-8, Kubena Report, 49. But he does not claim that there needs to be evidence of water intrusion for the jury to find functional damage. *See id.* Finally, Dutton's Report opines that "the expert reports . . . have not conclusively demonstrated that the impact of hail . . . has diminished the performance, service life, or value of the subject roofs from a functional perspective." Doc. 45-9, Dutton Report, 69.

Plaintiffs compare these reports to *Collins v. SafeCo Insurance Company of Indiana*, where the court excluded testimony when an expert relied on a definition of functional damage that was narrower than the definition provided in the parties' contract. No. 3:18-CV-01788-X, 2020 WL 95488, at *7 (N.D. Tex. Jan. 1, 2020) (Starr, J.). But *SafeCo* is inapposite. There, the contract defined cosmetic damage as "any loss that is limited to the physical appearance of a metal roof surface." *Id.* at *7. But the expert relied on a definition which stated that cosmetic damage "is simply damage that has an adverse effect on appearance, but does not affect the performance of the roof." *Id.* The court found that the expert testimony would "likely confuse the trier of fact because he will be basing his opinions on what cosmetic and functional damage are using a different standard than what the Safeco policy dictates." *Id.* at *8. Here, none of the experts rely on an extracontractual definition of cosmetic or functional damage to reach their conclusions. For example, Conner says that there is no evidence that would allow for water intrusion, Doc. 45-5, Conner Report, 27. And the report also says "[t]he siding was not functionally damaged (cracked, split)." *Id.* at 14.

The facts here are more like those in *Aqua Vitae Trust v. Aix Specialty Insurance Company*. No. MO:21-CV-00072-DC, 2022 WL 2902724 (W.D. Tex. May 1, 2022). There, the contract contained the same limitation as the one in this case. *Id.* at *5. The defense expert noted "the hail-caused indentations did not reduce the water-shedding capability, future performance, and remaining service life of the metal roof panel system." *Id.* (quoting expert report). While the plaintiff in *Aqua Vitae* did not challenge the admissibility of the expert's conclusion, the court found this evidence supported a finding that the policy limitation applied because the damages were purely cosmetic. *Id.* at *6. Here, too, Church Mutual's expert reports would help the jury determine whether the policy

limitation applies. And they do not confuse the trier of fact by applying a different definition of functional/cosmetic damages. The reports are admissible.

B.      *Dutton's Supplemental Report Is Inadmissible.*

Federal Rule of Civil Procedure 26 provides that an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them." FED. R. CIV. P. 26(a)(2)(B)(i)-(ii). Further, "[a] party must make these disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Federal Rule of Civil Procedure 26(e)(2) requires an expert to supplement his report "both [with] information included in the report and [with] information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." FED. R. CIV. P. 26(e)(2). Initial disclosures must be "complete and detailed," and a supplement is meant merely to supplement. *Sierra Club*, 73 F.3d at 571. "These [supplemental] disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Id.*

The "Federal Rules do not define what constitutes a supplemental expert report." *Charter Sch. Sol. v. GuideOne Mut. Ins. Co.*, No: EP-18-CV-61, 2019 WL 5258055, at *2 (W.D. Tex. June 28, 2019). But the Fifth Circuit has explained that "[t]he purpose of rebuttal and supplementary disclosures is just that—to rebut and to supplement." *Sierra Club*, 73 F.3d at 571. "Permissible supplementation means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 421 (S.D. Tex. 2012) (internal quotation omitted). For example, a supplemental report "adds to a previously-served report without going beyond the opinions

expressed in the report." *CEATS, Inc. v. TicketNetwork, Inc.*, No: 2:15-CV-01470, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018).

The Court finds that Dutton's report is not supplemental because it goes beyond filling the "interstices of an incomplete report" and instead introduces new laboratory testing results and new opinions. *See Diaz*, 279 F.R.D. at 421. Dutton's supplemental disclosure is a three-page summary of a laboratory report that evaluated the hail damage to the Plaintiffs' roof. *See* Doc. 45-12, App'x, 85. Dutton states that the lab report supports the conclusions from his original report and demonstrates that there is no evidence that the hail diminished the performance of the roof. *Id.* at 86–87. Dutton's report is not supplemental because it presents "new opinions, not mere logical extensions, that go beyond those previously presented." *Pratt v. Landings at Barksdale*, No. 09-1734, 2013 WL 5375951, at *2 (W.D. La. Sept. 24, 2013). Even though Dutton states that his supplemental findings support his original conclusions, they still offer new opinions, because they analyze new laboratory test results.

Because the report is not supplemental, the Court must determine whether to admit it as a late expert opinion. Courts evaluate the admissibility of late expert opinions under a four-factor test: "(1) the explanation for the tardiness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Scott v. Dorel Indus., Inc.*, No. 3:09-CV-0799-K (BF), 2010 WL 11463303, at *3 (N.D. Tex. Oct. 29, 2010) (Stickney, M.J.). The Court declines to admit it as a late expert opinion.

First, Church Mutual offers a compelling explanation for the tardiness. Dutton did not receive the lab results until after submitting his initial expert report. Doc. 50, Resp., 10–11. *See Scott*, 2010 WL 11463303, at *3 ("Plaintiff has adequately explained that the reason for

the supplemental report was due to new information obtained after the original report was issued."). Second, the testimony is important because it provides lab results that help explain why the roof damage is cosmetic instead of functional. *See generally* Doc. 45-12, App'x. However, Church Mutual will not be left without any evidence as to this point because it can still use its three other expert reports to make the same conclusion, diminishing the testimony's importance.

Even though there is a compelling reason for the delay and the testimony is important, the Court will not admit it. "The potential prejudice . . . in allowing . . . [the] Supplemental Expert Report convinces the Court that the Report, irrespective of its importance, must be stricken." *Kumar v. Frisco Indep. Sch. Dist.*, 476 F. Supp. 3d 439, 470 (E.D. Tex. 2020). Plaintiffs did not have time to produce rebuttal reports after Dutton disclosed the samples used in his supplemental report one week before the discovery deadline. Doc. 44., Mot., 16. And there is no availability for a continuance. Discovery closed months ago, and the Court will not reopen it just weeks before trial because it would disrupt the scheduling order, increase costs, and certainly delay the trial. *See* Doc. 25, Order (granting a one-month continuance); *Kumar*, 476 F. Supp. 3d at 471 (denying leave to file an untimely expert report because "[a] continuance is simply not a viable option"). Accordingly, the Court grants Plaintiff's request to exclude Dutton's supplemental report.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Exclude Expert Testimony (Doc. 43) is **DENIED IN PART** and **GRANTED IN PART**.

SO ORDERED.

SIGNED: April 10, 2025.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE