## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CLEBURNE TRAINING & FITNESS, INC. and NORTH NOLAN ROAD HOLDINGS, INC. d/b/a REAL PERFORMANCE,** | § § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3:24-cv-00410-B** |
| **CHURCH MUTUAL INSURANCE COMPANY,** | § § § | |
| **Defendant.** | § § | |

## DEFENDANT CHURCH MUTUAL INSURANCE COMPANY'S
## TRIAL MEMORANDUM OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendant Church Mutual Insurance Company Insurance (hereinafter "Church Mutual") and files this Memorandum of Law as part of its pre-trial materials pursuant to the Court's procedures:

**I.   The existence of a bona fide coverage dispute bars all extra-contractual claims.**

In their Original Petition, Plaintiffs assert extra-contractual claims for violations of the Texas Insurance Code, including  breach of the duty of good faith and fair dealing.  The basis for these claims is the same—namely, that Church Mutual and/or its representatives "refused the full extent of . . . coverage" available under the subject policy for the alleged hail damage to Plaintiffs' building.  However, an insurer does not breach its duty of good faith merely by erroneously denying a claim.  *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex.1997);

*State Farm Lloyds v. Hamilton*, 265 S.W.3d 725, 734 (Tex. App.—Dallas 2008, pet. dism'd). Instead, an insurer breaches its duty of good faith and fair dealing when the insurer fails to settle a claim if the insurer knew or should have known that it was reasonably clear that the claim was covered. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex.1997); *Hamilton*, 265 S.W.3d at 734. For this reason, a "bona fide dispute" regarding insurance coverage precludes liability for breach of the duty of good faith and fair dealing. See *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997); *Douglas v. State Farm Lloyds*, 37 F.Supp.2d 532, 544 (S.D. Tex. 1999).

Moreover, "Texas courts have clearly ruled" that statutory tort claims for improper insurance practices "require the same predicate for recovery as bad faith causes of action in Texas." *Higginbotham*, 103 F.3d at 460; *Nunn v. State Farm Mut. Auto. Ins. Co.*, 729 F.Supp.2d 801, 811 (N.D. Tex. 2010). Thus, "[w]hen claims under the Texas Insurance Code … are joined with a claim for breach of the duty of good faith and fair dealing . . . then those … Insurance Code claims must fail if the bad faith claim fails." *Harrison v. Int'l Catastrophe Ins. Managers, LLC*, 2012 WL 1231071, at *8 (E.D. Tex. Mar. 22, 2012), *report and recommendation adopted*, 2012 WL 1232020 (E.D. Tex. Apr. 12, 2012). Therefore, "[e]vidence establishing only a bona fide coverage dispute does not demonstrate bad faith" and cannot support Plaintiffs' statutory extra-contractual claims.

Here, the controversy concerning whether the Cosmetic Damage Endorsement of Plaintiffs insurance policy is covered by the policy is manifestly a coverage dispute, and the bona fide coverage dispute is applicable to bar Plaintiffs extra-contractual damages.

**II.    Post-loss representations, even if erroneous, are not actionable.**

In support of their extra-contractual claims, Church Mutual anticipates that Plaintiffs will rely, at least in part, on certain representations by Church Mutual's adjusters during the investigation of the loss that certain damages were not covered under the policy terms, pre-existed the date of the loss, and/or were the result of wear and tear. Plaintiffs complain that Church Mutual misrepresented that certain items of covered damage were in fact not covered. Even assuming the truth of Plaintiff's allegations, such representations of coverage are not actionable as a matter of law.

For Plaintiffs to prove Church Mutual made misrepresentations in violation of the Texas Insurance Code they must prove reliance on the misrepresentations and that the misrepresentations caused their damages. *Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F. Supp. 2d 547, 557–59 (S.D. Tex. 2012).

Under Texas law, categorically "post-loss statements regarding coverage are not misrepresentations under the Insurance Code." *Rodriguez v. Safeco Ins. Co. of Ind.*, No. SA-18-cv-00851, 2019 WL 650437, at *5 (W.D. Tex. Jan. 7, 2019); *see, e.g., Aguilar v. State Farm Lloyds*, No. 4:15-cv-565, 2015 WL 5714654, *3 (N.D. Tex. Sept. 28, 2015); *Univ. Baptist Church of Fort Worth v. Lexington Ins. Co.*, 346 F. Supp. 3d 880, 887 n.6 (N.D. Tex. 2018), *aff'd*, 787 F. App'x 194 (5th Cir. 2019). *See also Rodriguez*, 2019 WL 650437, at *5 (post-loss statements "cannot serve as the basis for fraud or misrepresentation claims because the insured did not rely on or 'take action' based on such statements to their own detriment.").

*Gooden v. State Farm Lloyds*, 2021 WL 7906860 *3 (N.D. Tex.- Fort Worth

Div. May 11, 2021.)

Here, Plaintiffs misrepresentation claims rest on Church Mutual's post-loss

characterization of the loss as "cosmetic damage" as well as Church Mutual's adjusters' scope of

the covered damages. Aside from failing to offer factual support to show they relied on any

alleged misrepresentations by Church Mutual or its adjusters and that the

alleged misrepresentations caused them harm, post-loss statements cannot serve as a basis

for misrepresentation claims under Texas Insurance Code § 541.060(a)(1).2

In Texas, any alleged misrepresentation supporting an extra-contractual claim against an

insurer must be a producing cause of an insured's actual damages. *W. Texas Agriplex v. Mid-*

*Continent Gas Co.*, No. CIV.A. 5:03-CV-199-C, 2004 WL 1515122, at *13 (N.D. Tex. July 7,

2004); *Southstar Corp. v. St. Paul Surplus Lines*, 42 S.W.3d 187, 194 (Tex. App. – Corpus

Christi 2001, no pet.); TEX. BUS. & COMM. CODE § 17.50(a). However, "[a] representation that

is made *after* the plaintiff suffers the complained of loss cannot be a producing cause of the

plaintiff's actual damages." *Doctor's Co. v. McDonough*, No. 01-00-00741-CV, 2002 WL

2024260, at *5 (Tex. App.—Houston [1st Dist.] Aug. 30, 2002) (emphasis in original); *see also*

*Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 n.55 (Tex. 1998). Accordingly, "[a]n

insured normally cannot bring a misrepresentation claim for any alleged representations made

after a loss." *HLS Enterprises of Tex., Inc. v. N. Ins. Co. of New York*, CV H-04-4754, 2005 WL

8165616, at *2 (S.D. Tex. Oct. 18, 2005);

## III. Segregation of Damages (Concurrent Causation)

The Supreme Court of Texas has explained the concurrent-causation doctrine as follows:

Texas concurrent-causation doctrine applies when covered and excluded events combine
to cause an insured's loss. Under that doctrine, if covered and uncovered events are

inseparable, then causation is concurrent, the insurance policy's exclusion applies, and the insurer owes no coverage for the loss.

*Dillon Gage Inc. of Dallas v. Certain Underwriters at Lloyds Subscribing to Pol'y No. EE1701590*, 636 S.W.3d 640, 645 (Tex. 2021).

Our court, relying on Texas appellate court decisions, has elaborated on this doctrine:
When covered and non-covered perils combine to create a loss, the insured is entitled to recover that portion of the damage caused solely by the covered peril. Because an insured can recover only for covered events, the burden of segregating the damage attributable solely to the covered event is a coverage issue for which the insured carries the burden of proof. Failure to segregate covered and noncovered perils is fatal to recovery. An insured may carry its burden by putting forth evidence demonstrating that the loss came solely from a covered cause or by putting forth evidence by which a jury may reasonably segregate covered and non-covered losses.
*Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 477 (5th Cir. 2022) (per curiam) (cleaned up).

*Ebony v. Praetorian Insurance*, United States Court of Appeals, Fifth Circuit. March 24, 2025 Not Reported in Fed. Rptr. 2025 WL 892558 at *3

[T]he doctrine of concurrent causation is not an affirmative defense or an avoidance issue." *Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 303 (Tex. App.— San Antonio 1999, pet. denied). "Because an insured can only recover for covered events, the burden of segregating the damage attributable solely to the covered event is a coverage issue for which the insured carries the burden of proof. *One Way Invs., Inc. v. Century Sur. Co.*, Civ. Action No. 3:14-CV-2839-D, 2016 WL 5122124, at *2 (N.D. Tex. Sept. 21, 2016) (Fitzwater, J.) (citing *Wallis*, 2 S.W.3d at 303).

In other words, the insured must produce evidence supporting one of two alternate theories: (1) evidence that *all* the claimed loss resulted from a covered event or (2) evidence that provides a jury a reasonable basis to segregate covered from non-covered loss. *See Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, Civ. Action No. 3:16-cv-0465-B, 2017 WL 3115142, at *9 (N.D. Tex. July 7, 2017) (Boyle, J.) *aff'd*, 892 F.3d 167 (5th Cir. 2018)

*Generation Trade, Inc. v. Ohio Security Insurance Company*, Northern District of Texas, Dallas Division, Augst 6, 2019 Not Reported in Fed. Rptr. 2019 WL 3716427 at *4

In this case, the applicable Policy provisions exclude coverage for wear and tear under its concurrent causation exclusion:

Cause of Loss – Special Form CP 10 30 09 17

B. Exclusions

5

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

2.d(1)(2)

Wear and tear

Here, on August 31, 2023 Church Mutual sent a letter to Plaintiffs containing their coverage decisions concerning Plaintiffs claimed damages and informing Plaintiffs that they were excluding coverage for wear and tear and which occurred outside the policy period.

Moreover, Plaintiffs have no probative evidence concerning covered damage vis-à-vis excluded damage which would help inform a jury of the scope of covered damage for which Plaintiffs seek compensation under the policy.

## IV.  Loss within the policy period

Plaintiffs must show that all of the claimed damages occurred within the policy period.

The Policy expressly states:

**Commercial Policy Conditions CP 00 90 07 88**

**H. Policy Period, Coverage Territory**

Under this coverage part:

1. We cover loss or damage commencing:

a.  During the policy period shown in the declarations

## V.  Cell phone text screen shots are not admissible under Rule 803(6)

It is anticipated that Plaintiffs may seek to introduce cell phone screen shots of text messages and video (Cleburne 0873 – 0897) between Plaintiffs owner, Mark Simmerman, and Dan Mizell, Plaintiffs alleged "roofing contractor," although the e-mails indicate he is acting as a Public Adjuster. Rule 803 (6)(B) requires the record be kept in the regularly conducted activity of a business and 806(6)(C) requires the making of the record to be a regular practice of the

business. *See, Versata Software, Inc. v. Internet Brands, Inc.* 88 Fed. R. Evid. Serv. 1163, 2012 WL 2595275 at *3-6, July 5, 2012, (E.D.Tex.).

The substance of the texts and videos concerns Plaintiffs' claim and are clearly not the "regular practice" of either Simmerman or Mizell, nor are they the type record that would be kept in the regularly conducted business activity of Plaintiffs or Mizell.

## VI. Independent injury claims: Plaintiffs cannot show an independent injury

Plaintiff's Original Petition pleads a cause of action for independent injury:

20.    Defendant's Unfair Settlement Practices caused direct damages, including the loss of Policy benefits and independent injuries in the form of damages in excess of Policy damages, to Plaintiffs which would not have been incurred absent Defendant's knowing actions, omissions, delays and misrepresentations. The independent injuries are reflected by the increased costs of construction caused by price increases in roofing labor and materials occurring since the date of loss. Plaintiffs are

As to the independent injury rule, the Fifth Circuit has clarified that the rule "limits the recovery of other damages that "flow" or "stem" from a mere denial of policy benefits." *Lyda Swinerton Builders. Inc. v. Okla. Surety Co*., 903 F.3d 435, 452 (5th Cir. 2018.)

The Supreme Court of Texas has clarified that an "independent injury" is necessary to support extra-contractual claims against an insurer that does not owe policy benefits under an insurance contract, such as claims of bad faith or Texas Insurance Code violations. *USAA Texas Lloyds Co. v. Menchaca,* 545 S.W.3d 479, 490-493 (Tex. 2018). *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) (extinguishing a plaintiff's bad faith claims under Section 541 of the Insurance Code without breach of contract); *Emmert v. Progressive County Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App.—Tyler 1994, *writ denied*) (extinguishing a plaintiff's claims under the DTPA with breach of contract); *Republic Insurance Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex.1995) (extinguishing a plaintiff's common law bad faith claims). In other words, there

can be no recovery for extra-contractual claims unless the complained of actions or omissions caused an injury independent of those that would have resulted from a wrongful denial of policy benefits for the freeze claim. *Provident American Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198-99 (Tex. 1998).

"When an insured seeks to recover damages that 'are predicated on,' 'flow from,' or 'stem from' policy benefits, the general rule applies and precludes recovery unless the policy entitles the insured to those benefits." *Menchaca,* 545 S.W.3d at 500. The Supreme Court of Texas held that "a successful independent-injury claim would be rare, and we in fact have yet to encounter one." *Id.*

An "unreasonable delay in paying the benefits . . . is not an 'independent' basis for damages as contemplated by the Supreme Court of Texas." *Dijkman v. AmGuard Ins. Co*., No. 4:23-CV-01430, 2024 WL 4520130, at *4 (S.D. Tex. Oct. 17, 2024) (Hanen, J.).

Accordingly, Plaintiffs cannot demonstrate an injury "independent" of their claim for policy benefits and are not entitled to such damages.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ J. Mark Kressenberg*
    J. Mark Kressenberg
    Texas State Bar No. 11725900
    mkressenberg@thompsoncoe.com
    Lauren Figaro
    State Bar No. 24087510
    lfigaro@thompsoncoe.com
    4400 Post Oak Parkway, Suite 1000
    Houston, Texas 77027
    Telephone:  (713) 403-8210
    Facsimile:  (713) 403-8299

    ~and~

Rhonda J. Thompson – Local Counsel
State Bar No. 24029862
**THOMPSON, COE, COUSINS & IRONS, LLP**
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
rthompson@thompsoncoe.com

**<u>ATTORNEYS FOR DEFENDANT</u>**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 17, 2025, a true and correct copy of the foregoing has been served on Plaintiffs' counsel in accordance with the Federal Rules of Civil Procedure:

Benjamin D. Doyle
STOCKARD, JOHNSTON, BROWN, NETARDUS & DOYLE, P.C.
P.O. Box 3280
Amarillo, Texas 79116-3280
Telephone: (806) 372-2202
Facsimile: (806) 379-7799
bdoyle@sjblawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

*/s/ J. Mark Kressenberg*
J. Mark Kressenberg